No. 44,760

Elvis Prior, *Appellant*, v. Best Cabs, Inc., and Frank A. Brown, *Appellees.*

(427 P. 2d 481)

Opinion filed May 13, 1967.

*Warren R. Southard,* of Wichita, argued the cause, and *Walter A. Sawhill,* also of Wichita, was with him on the brief for the appellant.

*Ralph B. Foster,* of Wichita, argued the cause, and *Dale B. Stinson, Jr., Gerald D. Lasswell* and *Leonard D. Munker,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an action for personal injuries sustained by the driver of a motorcycle when he became involved in an intersection collision with a taxicab. The case was tried to a jury which returned a verdict in favor of the defendants.

Appeal has been duly perfected.

Various trial errors have been raised for consideration on appeal, nearly all of which resolve into whether there is sufficient evidence in the record to warrant a jury's finding that the driver of the motorcycle was guilty of contributory negligence.

The pleadings of the parties were sufficient to raise the usual issues of negligence on the part of the defendants and contributory negligence on the part of the plaintiff involved in the accident.

The evidence disclosed that Elvis Prior (plaintiff-appellant) was riding his Honda motorcycle at approximately 1:30 p. m. on June 13, 1963, when he was involved in an accident at the intersection of Ninth Street and North Broadway in the city of Wichita, with a taxicab owned by Best Cabs, Inc., and driven by its employee, Frank A. Brown (defendants-appellees). The motorcycle involved in the accident was purchased new by the appellant approximately ten days prior to the accident, during which time the appellant had driven it approximately 1,000 miles.

On the day in question the appellant was headed north on Broadway, a through street, and the Best Cab was headed east on Ninth Street. It stopped for the stop sign at the intersection.

The appellant received a head injury as a result of the accident and had no recollection of the events leading to the accident, nor for a period of several hours after the accident, and so testified.

Sgt. Donald L. Hinton, the police officer who investigated the accident, was called on behalf of the appellant and testified that when he arrived at the scene of the accident at 1:30 p. m. he found the Best Cab still in the middle of the street headed east and the cycle standing close to the point where it had struck the cab; that Broadway was a north-south street 46 feet wide, and Ninth Street was an east-west street 30 feet wide, with an offset on the east side of Broadway to the south 20 feet; that there were stop signs on both sides of Broadway for traffic using Ninth Street; that the report taken from the cab driver, Brown, stated:

"I was going east on Ninth Street. Had stopped at stop sign at Ninth and Broadway. A car was stopped on east side of street with signals for south turn on. When car turned south I started across street headed east, and motorcycle headed north dodged or swayed to miss cab, hitting right front fender of the cab."

Further conversation between Officer Hinton and the cab driver revealed that Brown saw the appellant's motorcycle just before they came together, "just a moment prior to the time that the vehicles struck each other."

On cross examination Officer Hinton testified that he would say the cab's speed was approximately 10 miles per hour, possibly a little more, due to the skid marks that he made, and the speed of the motorcycle was 25 miles per hour.

The motorcycle struck the cab on the right front fender just behind the front wheel, indicating by the damage to the fender that it struck the cab while in an upright position.

He also testified:

"Q. All right, sir. Now, this motorcycle left no skidmarks, did it?

"A. No, sir, no skids at all visible for the cycle, that's correct.

. . . . . . . . . . .

"Q. All right, sir. In other words, there is nothing about this accident to indicate that the driver of the motorcycle saw this automobile before the impact unless perhaps it was within his reaction time, is that a fair statement?

"A. Yes, sir."

The evidence before the jury disclosed the day was clear, the road was dry, and the visibility of the appellant at the intersection was unobstructed.

From the foregoing testimony and the record presented, it may be conceded the cab driver was guilty of negligence by proceeding into the intersection from the stop sign in the face of oncoming traffic, which he admittedly did not see until just a moment prior to the collision.

The jury returned a verdict for the defendants, no special questions having been submitted.

Various motions by the appellant, both during the trial and after the verdict, were designed to challenge the sufficiency of the evidence in the record as to the contributory negligence of the appellant, who throughout the proceeding contended that there was no evidence of contributory negligence on his part.

The appellant takes the position the evidence in the record established a *prima facie* case of negligence against the cab driver; and because of the appellant's inability to recollect the events concerning the accident, there is a presumption that the appellant exercised due care for his own safety, citing cases from other jurisdictions.

He argues this presumption was never rebutted but continued to operate, and as a matter of law required the trial court to direct a verdict for the appellant. (Citing, K. S. A. 60-414.)

Assuming, without deciding, that there is such presumption, we think the statement in the report of the accident made by the cab driver, and read into the evidence by Officer Hinton without objection, together with the speed of the motorcycle at the intersection under the circumstances related, were sufficient to rebut the presumption and make the matter of the appellant's contribu-

tory negligence a question for the jury. In other words, there was sufficient evidence in the record from which a jury could find the appellant guilty of contributory negligence. Upon all of the evidence presented by the record the trial court would have committed error in directing a verdict of liability for the appellant. (*Newcomb v. Brettle,* 196 Kan. 560, 413 P. 2d 116; *Sullivan v. Sullivan,* 196 Kan. 705, 413 P. 2d 988; *Smith v. D's, Inc.,* 197 Kan. 83, 415 P. 2d 251; and *Gardner v. Pereboom,* 197 Kan. 188, 416 P. 2d 67.)

For the reasons heretofore stated the appellant's objections to the trial court's instructions on contributory negligence are without merit.

The appellant also objected to the giving of an intersection instruction by the trial court to the effect that the driver of every vehicle shall drive at an appropriate reduced speed when approaching and crossing an intersection, and when special hazard exists with respect to other traffic.

The appellant concedes this instruction is a correct statement of the law taken directly from K. S. A. 8-532(*c*) (and see, PIK 8.12 [*c*]) as an abstract proposition, and says it is probably a good rule when applied to an open intersection, but he argues here we have a through street, North Broadway, U. S. 81 Highway, through the city of Wichita protected by stop signs on all side streets, and not one scintilla of evidence that the appellant failed to drive at an appropriately reduced speed when approaching and entering the intersection.

When trying a case before a jury, one of the court's duties is to instruct the jury on the law applicable to the theories of both parties so far as they are supported by any competent evidence. The instructions given must be germane to the issues raised by the pleadings, and must be limited to those issues supported by some evidence. (*State v. Ringler,* 194 Kan. 133, 397 P. 2d 390, and cases cited therein.)

Our examination of the record discloses the instruction to have been properly given because the evidence established the existence of another vehicle in the intersection making a left turn onto Broadway from the stop sign at the east side of the intersection.

The mere fact that one is traveling on a through highway protected by stop signs on both sides does not give him the right to travel through an intersection with undiminished speed where there is other traffic congesting the intersection.

Whether the appellant should have reduced his speed at the intersection in question by reason of other traffic using the intersection, was properly a question for submission to the jury. Here there was no evidence that the appellant applied his brakes or in any way reduced the speed of his motorcycle prior to the collision. On cross examination his own witness said the speed of the motorcycle was 25 miles per hour.

On appellate review we find no merit in any of the points assigned as error.

The judgment of the lower court is affirmed.