No. 47,677

LARRY HAYS, *Appellee,* v. MOSCOW ALFALFA PRODUCTS, INC., *Appellant.*

(535 P. 2d 461)

Opinion filed May 10, 1975.

*Jeff Johnson,* of Brollier and Wolf, of Hugoton, argued the cause, and *Paul A. Wolf,* of the same firm, was with him on the brief for the appellant.

*Lelyn J. Braun,* of Braun and Nyswonger, of Garden City, argued the cause and was on the brief for the appellee.

*Per Curiam:* Plaintiff-appellee (Larry Hays) entered into a purchase money contract with defendant-appellant (Moscow Alfalfa Products, Inc.) for 5000 tons of alfalfa pellets to be delivered between June 1, 1972, and June 1, 1973. In his action for damages plaintiff alleges he received 1496 tons of alfalfa pellets, and defendant refuses to deliver the balance of 3504 tons. As an affirmative defense, defendant alleged that performance became impossible and impracticable because of weather and mechanical problems; and that under the terms of the contract it was relieved from performance under such circumstances.

The case was tried to a jury and verdict rendered for the plaintiff. The contract in pertinent part provided:

"Seller shall be released from performance of this contract during the time and to the extent that performance is impossible or impracticable by reason of any circumstances beyond seller's control, which, without limiting the generality of this clause, shall include Acts of God, strikes, labor troubles, riot or civil commotion, war, acts of public enemies, embargoes, interference by Governmental authorities, partial or total interruption or shortage or loss of transportation facilities, partial or total destruction of receiving, storage or distribution facilities, labor shortage, or pursuant to law."

Defendant introduced evidence indicating an unusual amount of snow and rain fell during the winter of 1972-1973 causing the hay, which was to have been converted into pellets, to become soggy. The wet hay slowed production and created numerous mechanical difficulties. Defendant contends that under the terms of the contract these conditions excused its nonperformance. De-

fendant further asserts that inasmuch as there was evidence to support its defense of impossibility or impracticability it was error for the trial court to refuse its requested instruction on this theory.

In accord with the long-standing rule of this court, we believe defendant was entitled to its requested instruction. The governing rule is succinctly stated in *Kreh v. Trinkle*, 185 Kan. 329, 343 P. 2d 213, wherein we held:

"A party is entitled to have the trial court give an instruction to the jury which is essential to his theory of the case when there is sufficient evidence to support such theory." (Syl. ¶ 4.)

The issue whether unusually foul weather and related mechanical difficulties were sufficient to release defendant from performance was for the jury to determine under a proper instruction with reference thereto. Contingencies were agreed to by the parties in the contract and instructions as to their application to the facts herein should have been given.

The failure to instruct the jury on defendant's theory was reversible error. The judgment is set aside and the cause is remanded with directions to grant a new trial.

FROMME, J., not participating.