No. 47,968

GRACE A. SIMMS, *Appellant,* v. CHARLES B. WEBB, *Appellee.*

(549 P. 2d 570)

Opinion filed May 8, 1976.

*Abraham Weinlood,* of Weinlood, Cole, Shaffer & Brown, of Hutchinson, argued the cause, and *David L. Brown,* of the same firm was with him on the brief for the appellant.

*D. Lee McMaster,* of McMaster & Smith, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action to recover damages for injuries suffered in an automobile-pedestrian accident. The sole issue raised on appeal is whether the trial court erred by refusing to instruct the jury on the theory of last clear chance.

On January 6, 1972, plaintiff Grace A. Simms was walking in a northerly direction on the sidewalk abutting the west side of Adams Street in Hutchinson, Kansas. At the same time defendant Charles B. Webb was driving his 1951 Plymouth automobile southbound on Adams Street approaching the Fifth Street intersection. Adams Street runs in a north-south direction and is intersected by Fifth Street which runs from east to west. As plaintiff arrived at the Fifth Street intersection she stopped at the curb in obedience to a red traffic signal. When the light turned green she proceeded to walk north across Fifth Street. In the meantime defendant was making a right turn from Adams Street onto Fifth Street. Before plaintiff reached the other side of Fifth Street she was struck on the right side by defendant's vehicle.

When police arrived at the scene they found plaintiff lying approximately seven feet west of defendant's vehicle and forty-one feet from the west curb line of Adams Street. The crosswalk was unmarked at the time of the accident. Defendant's vehicle left skid marks five feet long, leading the police to estimate defendant's

speed to be between five and ten miles per hour. The road surface was blacktop and it was a dry, clear day.

Plaintiff originally brought an action in the district court of Reno County based upon negligence of defendant in failing to maintain a proper lookout, failing to yield the right of way to a pedestrian, failing to slow down or otherwise avoid the collision, driving at an excessive speed, and failing to signal or warn. Later, at a pretrial conference, plaintiff was permitted to amend her petition to include the alternate theory of last clear chance. Defendant answered by denying any negligence on his part and alleging in the affirmative that plaintiff was contributorially negligent in failing to keep a proper lookout, crossing outside the crosswalk area, and failing to exercise ordinary care for her own safety.

Plaintiff testified at trial that when the traffic signal turned green she walked straight across the street and nothing obstructed her vision; nevertheless, she did not see defendant's vehicle prior to being struck. Defendant testified that as he approached the Fifth Street intersection, traveling south on Adams Street, the light was green. As he turned right onto Fifth Street he looked to the south, and to the west to be sure no cars were coming out of the Dillon's parking lot. When he glanced back he saw the plaintiff and slammed on his brakes, but it was too late. There was additional evidence that plaintiff was walking well outside the unmarked crosswalk area at the time she was hit.

At the conclusion of the presentation of evidence by both sides plaintiff requested the trial court to instruct the jury, *inter alia*, on the doctrine of last clear chance. The trial court refused to so instruct and the jury returned a general verdict for defendant. Plaintiff's motion for a new trial was denied, after which the appeal to this court was perfected.

Where evidence is introduced in support of a party's theory of a case, he is entitled to an instruction explaining the issue framed under such theory. (*Hays v. Moscow Alfalfa Products, Inc.,* 217 Kan. 184, 535 P. 2d 461; *Albanese v. Edwardsville Mobile Home Village, Inc.,* 215 Kan. 826, 529 P. 2d 163.) The instructions given must be germane to the issues raised by the pleadings, and must be limited to those issues supported by some evidence. (*Prior v. Best Cabs, Inc.,* 199 Kan. 77, 427 P. 2d 481.) If there was evidence in the present case from which a jury could reasonably find the doctrine of last clear chance applied, it was error for the trial court to refuse to instruct on that theory.

The essential elements of the doctrine of last clear chance have been stated by this court on numerous occasions. They are: (1) That plaintiff by his own negligence placed himself in a position of danger; (2) that plaintiff's negligence had ceased; (3) that defendant seeing plaintiff in a position of danger, or by the exercise of due care should have seen plaintiff in such position, by exercising due care on his part had a clear chance to avoid injuring plaintiff; (4) that defendant failed to exercise such due care; and (5) as a result of such failure on defendant's part, plaintiff was injured. (*Friesen v. Chicago, Rock Island & Pacific Rld.*, 215 Kan. 316, 524 P. 2d 1141; *Sander v. Union Pacific Rld. Co.*, 205 Kan. 592, 470 P. 2d 748; *Goodman v. Kansas City, M. & S. Rld. Co.*, 137 Kan. 508, 21 P. 2d 322.) These elements were included in plaintiff's requested instruction with the additional statement that plaintiff could still recover even if she were negligent if the aforementioned conditions were found to exist. If any one of the elements were missing the trial court properly refused to instruct on the theory of last clear chance.

As to the second element, defendant submits that plaintiff's alleged negligence in failing to keep a proper lookout and in crossing the street outside the crosswalk had not ceased, but it was operative until the moment of the accident. Although the second element is phrased in terms of whether a plaintiff's negligence has "ceased," it is now clear that element is satisfied if a plaintiff, by his own negligence, is placed in a position of peril from which he could not extricate himself by the exercise of due care. The first expression of this principle was stated in *Letcher v. Derricott*, 191 Kan. 596, 383 P. 2d 533:

> "The use of the phrase 'that plaintiff's negligence had ceased' has caused some confusion. The phrase means, and perhaps the better term is, 'that the plaintiff had, by her own negligence, placed herself in a position of peril from which she could not extricate herself.' If the plaintiff could extricate herself from the danger, and did not do so, her negligence had not ceased. If the plaintiff could not extricate herself from the danger, her negligence had ceased." (p. 600.)

See also, *Sander v. Union Pacific Rld. Co.*, supra; *Rohr v. Henderson*, 207 Kan. 123, 483 P. 2d 1089; and *McElhaney v. Rouse*, 197 Kan. 136, 415 P. 2d 241.

The reason for this requirement was explained in *Ross v. Chicago, R. I. & P. Rly. Co.*, 165 Kan. 279, 194 P. 2d 491:

> ". . . The doctrine of last clear chance is not applicable so long as the plaintiff's contributory negligence continues. Otherwise stated, there can be

no recovery under the doctrine where the negligence of the parties has remained concurrent. [Citations.] The reason for this rule is readily apparent when the question is considered from the standpoint of proximate cause. Approaching the doctrine from that point of view as many, but not all, courts do (38 Am. Jur. 902), where a plaintiff's negligence has ceased, it is regarded as remote and the defendant's negligence which *thereafter* follows is regarded as the proximate cause of the accident. It is thus clear that if the plaintiff's negligence has continued until the time of the accident and, without such negligence, the accident would not have occurred, recovery cannot be had. . . ." (p. 286.)

In accordance with the burden of proof placed upon her to present sufficient evidence for the giving of the instruction, plaintiff contends the testimony of the witnesses, together with the diagrams of the accident, and the inferences drawn therefrom, provide ample evidence that she, being a fifty-eight year-old female pedestrian, did not have sufficient time to extricate herself from the path of the oncoming vehicle. Defendant contends there was no evidence from which a jury could reasonably find that plaintiff's contributory negligence had ceased or that she could not have extricated herself from the position of peril by the exercise of due care.

A similar factual situation was presented to this court in the case of *Summers v. The Alliance Mutual Casualty Co.,* 210 Kan. 57, 499 P. 2d 1067. In that case the plaintiffs' son was walking on the shoulder of the highway going with the traffic, rather than facing it as required by statute. A car driven by the defendant struck him from behind. According to defendant's testimony, he saw a figure moving in the ditch and when he took his eyes off the highway momentarily he heard a "thud" and saw a human figure go over his fender. Over defendant's objection, the trial court gave the jury an instruction on the theory of last clear chance, which we held was reversible error. We said:

"In this case it is clear that Bobbie [plaintiffs' son] was going with traffic, at night, wearing dark clothes; these acts of negligence were beyond his power to correct when Harley's [defendant's] car approached. But, as the jury found, he also failed to keep a proper lookout for traffic. It is true that Harley said he could have avoided Bobbie if he had seen him, but it is equally true that Bobbie could have avoided injury had he seen the approaching car at any time until the moment before it struck him—a time when Harley would likewise have been helpless even if he had seen Bobbie. The record fails to disclose any evidence from which the jury could reasonably find a time when Bobbie's negligence had ceased and Harley's thereafter continued." (p. 62.)

In the instant case there was evidence from which the jury could

reasonably find plaintiff was negligent in crossing the street outside the crosswalk area and in failing to keep a proper lookout. Plaintiff stated she did not see defendant's car until she was struck. In order to apply the doctrine of last clear chance it must be disclosed that at some point in the events leading to her injuries she could not have extricated herself. We have searched the record and we are unable to find any evidence on this issue. Utilizing all inferences that might arise from the facts and circumstances surrounding this accident it would have been impossible for a jury to determine a point in time when the plaintiff's negligence had ceased and defendant's negligence thereafter continued. The court should not instruct the jury on a theory based solely on speculation or conjecture. In the absence of a factual basis, we must conclude the trial court did not err in failing to instruct on the theory of last clear chance.

The judgment is affirmed.

SCHROEDER, J., dissenting.