A95A2521. DEPARTMENT OF TRANSPORTATION v. BLAIR et al.
(469 SE2d 446)

JOHNSON, Judge.

On Christmas day 1992, Jamie Blair was driving his car north on Davis Road in Coweta County when he stopped at a stop sign where the road crosses State Route 34. Fourteen-year-old Ronald Shane Blair, Jamie's brother, was riding in the front passenger seat of the car and Shane's friend Jeff Martin was in the back seat. As Jamie Blair drove from the stop sign across Route 34, a pickup truck heading west on Route 34 collided with the right side of the car, killing Shane Blair instantly.

Marlene Blair, the surviving parent of Shane Blair and administratrix of his estate, sued the Georgia Department of Transportation (DOT) for wrongful death, claiming that the DOT negligently maintained the stop sign on Davis Road because it was too low and blocked Jamie Blair's view of the truck on Route 34. The DOT answered the lawsuit, denying liability. The case was tried before a jury, which returned a verdict of $506,078 in favor of Ms. Blair. The trial court entered judgment on the verdict, awarding Blair $496,078, based on the parties' agreement that the jury's verdict should be reduced by $10,000. The DOT appeals from the judgment.

1. The DOT claims the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict because there is insufficient evidence that the low stop sign proximately caused the collision. Specifically, the DOT argues that there is no proof Jamie Blair stopped his car at the exact spot where the sign created a blind spot and that the evidence shows Jamie Blair's failure to inch forward until he could see past the sign was an intervening act of negligence which proximately caused the accident. These arguments are unpersuasive. There may be more than one proximate cause of an injury. *Eubanks v. Business Equip. &c. of Atlanta*, 161 Ga. App. 202, 203 (288 SE2d 273) (1982). Proximate cause is a question peculiarly for the jury, and the court should not take the place of the jury in solving it, except in plain and indisputable cases. *Storer Communications v. Burns*, 195 Ga. App. 230 (393 SE2d 92) (1990). In the current case, the question of proximate cause is not plain and indisputable, and therefore the trial judge correctly allowed the jury to resolve that question in reaching its verdict. "(O)n appeal [this] court is bound to construe the evidence in support of the verdict and

judgment, and if there is some evidence to support the verdict we will uphold the judgment." (Citations and punctuation omitted.) *James v. Tyler*, 215 Ga. App. 479, 480 (1) (451 SE2d 506) (1994). Because there is some evidence to support the jury verdict in this case, we will uphold the trial court's judgment.

(a) The DOT's first argument, that no evidence shows Jamie Blair was stopped at the exact spot where the sign would have blocked his view of Route 34, is without merit. At the outset, we note that uncontroverted evidence shows that the DOT is responsible for maintaining the stop sign; that the bottom of the sign was three feet above the pavement; that this three-foot height violates the Manual on Uniform Traffic Control Devices, which is followed by the DOT and which requires the bottom of such a stop sign to be at least five feet above the pavement; and that this low sign created a visual obstruction of Route 34 for drivers stopped and looking toward the east. A traffic safety and engineering expert testified that the low stop sign caused the greatest visual obstruction to a driver looking east while stopped on Davis Road in the spot where the driver's head was between 14 and 14.5 feet from the edge of Route 34. A driver in this spot would not be able to see Route 34 from the point 325 feet from the intersection and beyond. The expert further gave his opinion, based on the circumstances of the accident, that Jamie Blair had in fact stopped at that critical point and that the sign had blocked his view of the oncoming truck when he looked to the east. Additionally, the state patrol officer who investigated the accident testified that the stop sign could have been a factor in the accident because it obstructed the view of Route 34 and when Jamie Blair looked to the east the truck could have been behind the sign. There was no evidence of any impediment to Jamie Blair's view of the truck except for the low sign.

Furthermore, other testimony from the traffic engineering expert, from the DOT's accident reconstruction expert, and from an eyewitness to the accident established that the extent of visual blockage caused by the sign varied depending on the spot where the driver stopped in relation to the sign. For instance, the closer a driver was to the sign, the greater the obstruction. Thus, contrary to the DOT's argument, there was not only one spot at which Jamie Blair must have stopped in order for the sign to block his view; rather, there were various stopping places at which Jamie Blair's view would have been obstructed and only the extent of that obstruction would have varied depending on his exact location.

Several witnesses testified about where Jamie Blair stopped in relation to the stop sign. Jamie himself testified that when he stopped the sign was to his right somewhere around the hood or door, that when he looked to the right the road appeared to be clear and that he

did not realize the sign was blocking his view of Route 34. The back seat passenger Jeff Martin testified that the sign was real low and in front of the door. A witness who was behind Jamie Blair's car at the stop sign before the accident said that Jamie had pulled up in a normal position at the stop sign and that the sign was approximately five to eight feet in front of the car. The driver of the pickup truck testified that the sign was located around the hood area of the car and may have been as far back as the passenger door. It was the jury's function to resolve any conflicts in this testimony and determine where Jamie Blair stopped his car. See OCGA § 24-9-80; *Randall &c. Co. v. Randall*, 202 Ga. App. 497, 498 (414 SE2d 718) (1992). The jury was authorized to conclude from all the evidence that Jamie Blair stopped his car in a place where the low stop sign blocked his view of the oncoming truck on Route 34.

(b) Contrary to the DOT's second argument, the evidence does not require a finding that Jamie Blair was negligent in failing to inch forward until he could see past the sign. The evidence was in conflict as to whether there was enough room to inch forward safely in the manner the DOT suggests. Moreover, there was some evidence from which the jury could have found that because of the way the sign was situated Jamie Blair did not know that his view was obstructed, and thus he did not realize the need to inch forward to look past the blind spot. Finally, even if we assume that he negligently failed to see past the sign, Jamie Blair's alleged negligence still would not necessarily relieve the DOT of liability for its negligent maintenance of the hazardous sign. "If the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question." (Citation and punctuation omitted.) *Eubanks*, supra at 203. Here, the DOT reasonably could have foreseen that a driver stopped at the low sign might not realize that it creates an obstruction or that there is room to inch forward, and thus a driver might blindly drive onto Route 34 without seeing around the sign. Compare *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 806-808 (1) (415 SE2d 705) (1992). The court also fully charged the jury on the issue of an unforeseeable intervening act and that if Jamie Blair proximately caused the collision, then the DOT could not be held liable even if it had been negligent.

"In determining whether the trial court erred by denying defendant's motions for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict and judgment n.o.v. A directed verdict and judgment n.o.v. is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with

all reasonable deductions therefrom demands a certain verdict." (Citation, punctuation, and emphasis omitted.) *Stone v. Allen*, 201 Ga. App. 842, 843 (1) (412 SE2d 605) (1991). Here, because the evidence as to the proximate cause of the collision is in conflict and does not demand a certain verdict, and because some of that evidence supports the verdict that the DOT's negligence in maintaining the low stop sign proximately caused the accident, the trial court did not err in denying the DOT's motions for a directed verdict and judgment n.o.v. See *Taylor v. McClendon*, 205 Ga. App. 390, 391 (2) (422 SE2d 440) (1992).

2. The DOT complains that the court erred in not giving its requested jury charge that damages should be apportioned between the DOT and Jamie Blair based on their respective negligence. Such a charge would have been appropriate if Jamie Blair had been jointly named as the DOT's co-defendant in this case. See OCGA §§ 51-12-31 and 51-12-33. But because Jamie Blair is not a party to this lawsuit, such a charge would have been erroneous. The trial court properly determined that the DOT may be held individually liable, just like a private entity, for the full amount of Ms. Blair's damages. See OCGA § 50-21-23 (a); *Dept. of Transp. v. Brown*, 218 Ga. App. 178, 183-184 (6) (460 SE2d 812) (1995); *Johnson v. Landing*, 157 Ga. App. 313, 317 (2) (277 SE2d 307) (1981). If the DOT believes that it is entitled to contribution from Jamie Blair, its remedy is to seek such contribution, not to have the jury in this case, in which Jamie Blair is not a named party, reduce Ms. Blair's recovery. See OCGA § 51-12-32; *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (1) (441 SE2d 868) (1994). Accordingly, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1996 — ▮▮▮▮▮▮▮

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Carol A. Callaway, Eric A. Brewton, Assistant Attorneys General*, for appellant.

*Gleaton, Scofield, Egan & Jones, E. Clayton Scofield, Marla M. Eastwood*, for appellees.