Janice L. COCHRANE, et al., Plaintiffs,

v.

SCHNEIDER NATIONAL CARRIERS, INC., Defendant.

No. 96-2342-JWL.

United States District Court,
D. Kansas.

Sept. 23, 1997.

James W. Jeans, Kansas City, MO, James W. Jeans, Sr., Platte City, MO, for Plaintiffs.

R. Denise Henning, Richard E. McLeod, The McLeod Law Firm, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This action resulted from a fatal car accident. On June 30, 1997, the court granted summary judgment in favor of defendant on plaintiff administrator's survival claim. *Cochrane v. Schneider Nat'l Carriers, Inc.,* 968 F.Supp. 613 (D.Kan.1997). The matter is

presently before the court on defendant's motion for partial summary judgment with respect to certain wrongful death claims brought by decedent's parents (Doc. 48). For the reasons set forth below, the motion is granted in part and denied in part. The court grants defendant summary judgment on plaintiffs' claims that defendant was negligent in instructing its driver, and those claims are hereby dismissed. The motion is denied with respect to plaintiffs' claim for vicarious liability on the basis that defendant's driver was negligent in turning where she did.

## I. Uncontroverted Facts

Decedent Peter Cochrane died as a result of an accident that occurred on the night of January 17, 1997. The accident took place in Douglas County on Kansas state highway K–10, a divided four-lane highway. Decedent collided with defendant's tractor-trailer, which was driven by Janice Young, defendant's employee. Ms. Young was acting within the course and scope of her employment at the time of the accident. The truck driven by Ms. Young was 65 feet long and had a total weight of 78,960 pounds.

Decedent was driving westbound on K–10 when he collided with Ms. Young, who had been traveling eastbound on K–10 and who was attempting to turn north onto County Road 442 from the left-hand turn lane. It was dark, the highway was wet, and traffic was moderate at the time of the collision. The westbound lanes of K–10, which Ms. Young was attempting to cross, have a total width of 27 feet, 4 inches. The speed limit on K–10 at that intersection is 55 miles per hour.

Ms. Young had been making a delivery to a factory just east of the city of Eudora. Defendant had given Ms. Young directions to the factory that indicated that she should turn north from K–10 to County Road 442. The directions contemplated that Ms. Young would turn onto County Road 442 at a point just east of her destination, where she could exit K–10 to the right and cross the highway going north by means of an underpass. County Road 442, however, also crosses K–10 at a point *west* of Eudora. At this intersec-

tion, one does not access County Road 442 by an exit; to turn north, one must cross the westbound lanes of traffic. The accident occurred at this earlier intersection west of Eudora.

## II. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

## III. Discussion

Plaintiffs assert that defendant is vicariously liable for its driver's negligence in failing to yield the right of way and in failing to keep a proper lookout. That claim is not at issue in this motion.

According to the pretrial order in this case, plaintiffs also claim that defendant is vicariously liable because the driver "negligently took a route necessitating a dangerous grade crossing of a heavily trafficked highway." Plaintiffs further allege that defendant was negligent in its own right in two ways: "Plaintiffs contend that defendant Schneider negligently failed to instruct its driver to take a direct and lawful route and negligently instructed its driver to take a route necessitating a dangerous grade cross-

ing of a heavily trafficked highway." Defendant now moves for *summary* judgment on these three claims.

 Defendant argues that the conduct alleged in the three claims was not the proximate cause of the accident as a matter of law. To establish negligence under Kansas law,[1] a plaintiff must prove that the breach of a legal duty was the proximate cause of the injury suffered. *Davey v. Hedden,* 260 Kan. 413, 426, 920 P.2d 420 (1996). The Kansas Supreme Court has recently defined proximate cause as follows:

> Proximate cause is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

*Id.* In *Davey,* the court explained the effect of an intervening negligent act for purposes of proximate cause:

> Whether negligent conduct of the original wrongdoer is to be insulated as a matter of law by the intervening negligent act of another is determined by the test of foreseeability. If the original actor should have reasonably foreseen and anticipated the intervening act causing injury in the light of the attendant circumstances, his act of negligence would be a proximate cause of the injury. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. When negligence appears merely to have brought about a condition of affairs or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is deemed the direct and proximate cause and the former only the indirect or remote cause.

*Id.* at 427, 920 P.2d 420 (quoting *George v. Breising,* 206 Kan. 221, 227, 477 P.2d 983 (1970)). Finally, the lack of proximate cause as a matter of law is a proper basis for summary judgment:

> Whether conduct in a given case is the proximate cause of a plaintiff's injuries is normally a question of fact for a jury. However, where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of by the court when the plaintiff has failed to establish the necessary burden of proof.

*Id.* at 426, 920 P.2d 420 (citation omitted).

In support of its motion for summary judgment, defendant analyzes the three claims together because, in its view, all three are predicated on the driver's decision to turn where she did instead of continuing down the highway to the second intersection with County Road 442. Defendant argues that that decision was not a proximate cause of the collision because it was too remote and became insulated by subsequent intervening causes.

 The court agrees that any negligence by defendant in giving its driver directions to her destination was not a proximate cause of the accident as a matter of law. Defendant's sending its driver to the intersection in question, at which a perfectly legal left-hand turn may be made, did not produce the injury here in natural and continuous sequence, and the injury was not the natural and probable consequence of the wrongful act. Any causal connection between defendant's giving the driver instructions and the injury was broken by efficient intervening causes such as the decedent's driving, the manner in which Ms. Young made the turn, and possibly, as discussed below, Ms. Young's decision to attempt a turn there at all given the conditions at the time. It is not reasonable to require defendant to have foreseen such negligent conduct at the time it formulated directions for its driver. Although defendant's instructing the driver may have been a cause-in-fact and brought about the situation in which the driver and decedent found themselves, that

---

1. The parties agree that Kansas law applies here. *See Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (in diversity action, court applies forum state's choice of law rules); *Ling v.* *Jan's Liquors,* 237 Kan. 629, 634–35, 703 P.2d 731 (1985) (tort action is governed by the law of the place where the tort occurred, that is, the place where the injury was suffered).

**374**

cause is too remote and indirect to serve as a basis for liability here.

Judge O'Connor of this court reached the same conclusion when faced with a similar claim in *Fogarty v. Campbell 66 Express, Inc.*, 640 F.Supp. 953 (D.Kan.1986). In that case, the plaintiff claimed that the defendant negligently failed to warn its driver that the particular intersection where the accident occurred was a dangerous one. Id., at 964. The court concluded that the defendant had no reason to suspect that its driver would not make the required stop at the intersection, and that therefore the defendant's failure to warn the driver about the intersection was not the proximate cause of the collision. Id. at 965.

Similarly here, defendant had no reason to believe that its driver would not make the turn safely and without incident, and its sending Ms. Young to the fateful intersection was not the proximate cause of the accident as a matter of law. Accordingly, defendant is awarded summary judgment on plaintiffs' claims that defendant was negligent in instructing its driver.[2]

The court concludes, however, that a question of fact remains with respect to the claim of vicarious liability. Plaintiffs allege that Ms. Young "negligently took a route necessitating a dangerous grade crossing of a heavily trafficked highway." This claim is not very specific. It could be interpreted to mean that plaintiff was negligent in choosing her overall route to her destination. For the reasons already discussed, such conduct would not be a proximate cause of the accident as a matter of law. The court will construe the claim, however, to assert negligence by the driver in making the decision at the time of the accident to turn where she did, thus taking the route across K–10. Such claim is not subject to dismissal at this time.

 Plaintiffs have provided evidence that, at the time of the accident, it was dark, the road was wet, and traffic was moderate. The conditions faced by Ms. Young, together with the weight of the truck, the truck's

length, and the distance to cross, are sufficient to raise a reasonable inference that Ms. Young should not have attempted a left turn across lanes of traffic at that place. A jury could reasonably find that the collision was a natural and probable consequence of the decision to attempt the turn. Accordingly, the court cannot say that the decision to turn at that place was not a proximate cause of the accident as a matter of law, and defendant is not entitled to summary judgment on that claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for partial summary judgment (Doc. 48) is granted in part and denied in part. It is granted with respect to plaintiffs' claims that defendant was negligent in instructing its driver, and those claims are hereby dismissed. The motion is denied with respect to plaintiffs' claim that defendant is vicariously liable for the driver's alleged negligence in turning where she did.

**IT IS SO ORDERED.**

---

**2.** The court rejects plaintiffs' argument that, for purposes of the analysis with respect to these claims, Ms. Young's knowledge of the conditions at the time of the accident should be imputed to defendant. Ms. Young had not yet encountered those conditions at the time of defendant's alleged negligence in formulating the instructions.