1204

Janice L. **COCHRANE** and Patrick Cochrane, Plaintiffs,

v.

**SCHNEIDER NATIONAL CARRIERS, INC.**, Defendant.

No. 96–2342–JWL.

United States District Court, D. Kansas.

Feb. 2, 1998.

James W. Jeans, Kansas City, MO, James W. Jeans, Sr., Platte City, MO, for plaintiffs.

R. Denise Henning, Richard E. McLeod, The McLeod Law Firm, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiffs brought the present wrongful death action after their son died in an automobile collision with defendant's employee. The case was tried to a jury, which apportioned fault as follows: 80 percent fault for defendant; 5 percent fault for decedent; and 15 percent fault for the Kansas Department of Transportation (KDOT). The jury also found that plaintiffs had suffered damages in the amount of $125,000 for noneconomic loss, $13,659.06 for expenses for care, and $110,000 for economic loss. By agreement of the parties, to account for the jury verdict and for amounts already paid by defendant to plaintiffs, judgment was entered in the total amount of $189,753.95.

This matter is presently before the court on plaintiffs' motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) and, correspondingly, to amend the judgment pursuant to Fed.R.Civ.P. 59(e). For the rea-

sons set forth below, the court denies the motion.

## I. Standard

Judgment as a matter of law is appropriate under Fed.R.Civ.P. 50(b) "only if the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.1991). Judgment as a matter of law is only proper when "the evidence so strongly supports an issue that reasonable minds could not differ." *Ryder v. City of Topeka*, 814 F.2d 1412, 1418 (10 Cir.1987). This is the same standard as that used for judgment n.o.v. "Judgment n.o.v. should be cautiously and sparingly granted." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir.1988). "In determining whether the grant of a motion for judgment n.o.v. is appropriate, the court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of witnesses or substitute its judgment for that of the jury." *Id.* In order to deny judgment as a matter of law, the court must find more than merely "a scintilla of evidence" favoring the nonmovant, and the court must find that "evidence was before the jury upon which it could properly find against the movant." *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988).

## II. Negligence of Decedent

Plaintiffs argue that the jury did not have before it sufficient evidence of negligence by decedent. The court disagrees. An accident reconstruction expert provided sufficient evidence on this point. The expert testified that from examination of the vehicles and physical evidence from the site of the accident, he could determine the point of impact and estimate decedent's speed at the time of collision. The expert then gave his opinion, based on principles of physics and a normal rate of acceleration for defendant's truck,[1] that at the time of the accident, decedent either had been traveling in excess of

the 55 mile-per-hour speed limit or failed to react for a number of seconds after the lighted truck entered decedent's lanes of traffic. Such evidence, viewed in the light most favorable to defendant, was sufficient to permit a reasonable jury to apportion fault to decedent. *See Beardsley v. Weber*, 213 Kan. 427, 516 P.2d 936 (1973) (a jury may properly find negligence solely from expert testimony based on physical facts from a motor vehicle accident).

## III. Negligence of KDOT

Plaintiffs also contend that any negligence by KDOT in placing signs in the median of the highway that obstructed the truck driver's view of oncoming traffic could not have been a proximate cause of the accident as a matter of law. Plaintiffs' sole argument in that regard is that the truck driver's own negligence in failing to creep forward until she had an unobstructed view served as an intervening cause, thereby insulating KDOT from any allocation of fault. Again, the court disagrees.

To establish negligence under Kansas law, a plaintiff must prove that the breach of a legal duty was the proximate cause of the injury suffered. *Davey v. Hedden*, 260 Kan. 413, 426, 920 P.2d 420 (1996). The Kansas Supreme Court has recently defined proximate cause as follows:

> Proximate cause is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

*Id.* In *Davey*, the court explained the effect of an intervening negligent act for purposes of proximate cause:

> Whether negligent conduct of the original wrongdoer is to be insulated as a matter of law by the intervening negligent act of another is determined by the test of foreseeability. If the original actor should have reasonably foreseen and anticipated

---

1. Defendant's driver testified that she accelerated out into the oncoming lanes of traffic at a normal    rate of acceleration.

the intervening act causing injury in the light of the attendant circumstances, his act of negligence would be a proximate cause of the injury. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. When negligence appears merely to have brought about a condition of affairs or a situation in which another and entirely independent and efficient agency intervenes 'to cause the injury, the latter is deemed the direct and proximate cause and the former only the indirect or remote cause.

*Id.* at 427, 920 P.2d 420 (quoting *George v. Breising,* 206 Kan. 221, 227, 477 P.2d 983 (1970)). The lack of proximate cause as a matter of law may be a proper basis for judgment as a matter of law:

Whether conduct in a given case is the proximate cause of a plaintiff's injuries is normally a question of fact for a jury. However, where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of by the court when the plaintiff has failed to establish the necessary burden of proof.

*Id.* at 426, 920 P.2d 420 (citation omitted).

The court rejects plaintiff's argument that KDOT's negligence in placing signs could not have been a proximate cause of the accident as a matter of law. The court concludes that a reasonable jury could have determined that the collision was a natural and probable consequence of that negligence. Moreover, the court cannot say as a matter of law that KDOT could not reasonably have foreseen that a driver attempting a left turn across traffic at that location would fail to inch forward to see around the signs or even, as the driver testified here, fail to realize that the view was obstructed at all. The issue was thus one for the jury.[2]

In this way, KDOT's negligence is distinguishable from any negligence by defendant in giving its driver directions to her destination. The court ruled before trial that any such negligence in route selection could not have been a proximate cause of the accident

as a matter of law. *See Cochrane v. Schneider Nat'l Carriers, Inc.,* 980 F.Supp. 371, 373–74 (D.Kan.1997). KDOT's negligence was far less attenuated, and the accident flowed much more naturally and probably from the obstruction of the driver's view at the time of the collision.

Finally, the court notes that plaintiffs have not cited any caselaw on point that supports their position. Conversely, the court notes that its ruling on this issue is supported by the decision in *Department of Transportation v. Blair,* 220 Ga.App. 342, 469 S.E.2d 446 (1996). There a jury found that the Georgia Department of Transportation was negligent in placing a sign that may have obstructed a driver's view, which negligence caused an automobile accident. *Id.,* 469 S.E.2d at 448. The court upheld the jury verdict, ruling that the negligence by the Department of Transportation could have been a proximate cause of the accident; the court rejected the argument that the driver's negligence in failing to move forward to see past the sign was an intervening act as a matter of law. *Id.* at 449–50. The same result is appropriate in this case, and the court denies plaintiffs' motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for judgment as a matter of law and to alter or amend the judgment (Doc. 74) is denied.

**IT IS SO ORDERED.**

---

**2.** Without objection from plaintiffs, the jury was given the standard instruction on causation from the Pattern Instructions for Kansas (3d edition).